UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MITIKU GELETA WODAJO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. C15-1893RSM<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the Court on Defendant United States Postal Service ("the United States")'s Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. #7. The United States moves for dismissal, arguing that Plaintiff's claims are barred under the Federal Tort Claims Act, and that Plaintiff has failed to exhaust his administrative remedies. *Id.* at 3. Plaintiff Mitiku Geleta Wodajo fails to respond to this Motion. For the reasons set forth below, the Court agrees with Defendant, GRANTS its Motion, and dismisses Plaintiff's case.[1]

///

///

---

[1] The Court notes, in Response to Plaintiff's filing at Dkt. #14, that this case is numbered 2:15-cv-01893-RSM, and the Court interchangeably uses the abbreviated case number C15-1893RSM; these two numbers both refer to the instant matter.

ORDER GRANTING UNITED STATES' MOTION TO DISMISS - 1

## II. BACKGROUND

Plaintiff initiated the instant lawsuit against the United States Post Office ("USPS") in King County District Court as a small claims action, alleging that his certified mail was "intentionally not delivered or proof of delivery was not put in my mailbox…". Dkt. # 1-2 at 2. The plaintiff further claimed damages in the amount of $4,187.70. *Id*.

On, December 3, 2015, pursuant to 28 U.S.C. § 1442(a)(1), the United States removed Plaintiff's lawsuit to this Court. Dkt. #1.

## III. DISCUSSION

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim. Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the case. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

The party opposing a motion shall, within the time prescribed in Local Rule 7(d), file and serve on each party a brief in opposition. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.*

**B. The Federal Tort Claims Act**

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Any waiver of this immunity must be strictly construed in favor of the United States. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that permits claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §1346(b)(1). Certain types of claims, however, are expressly exempted from the FTCA's scope. *See* 28 U.S.C. §2680; *Molzof v. United States*, 502 U.S. 301, 311 (1992) ("Through the §2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations.").

The "postal service" exception, set forth under 28 U.S.C. §2680(b), is an express limitation on the FTCA's waiver of sovereign immunity. Under this exception, the United States is not liable for "any claim arising out of the loss, miscarriage or negligent transmission

of letters or postal matter." 28 U.S.C. § 2680(b); *see Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (applying 28 U.S.C. § 2680(b) to hold that the petitioner's "tort claim against the Postal Service for loss of his package . . . was barred by sovereign immunity").

The United States argues that "the gravamen of plaintiff's complaint is that his mail was 'not delivered or proof of delivery was not put in [his] mailbox…'" Dkt. #7 at 4 (citing Dkt. # 1-2 at 2). The United States argues that such claims are barred by sovereign immunity:

> "Congress intended to retain sovereign immunity" for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address. Illustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) …." *Dolan v. U. S. Postal Serv.*, 546 U.S. 481, 489 (2006); *see also Hegge v. United States*, 2012 U.S. Dist. LEXIS 154198 (W.D. Wash. 2012) (dismissing claim alleging that USPS employees negligently transmitted mail and thereby interfered with plaintiff's ability to serve defendants in another small claims action); *Elliot v. Potter*, 2009 U.S. Dist. LEXIS 25362, at *5 (D. Ariz. 2009) (dismissing claim based on untimely delivery of mail).

Dkt.# 7 at 4.

The United States also responds to the claim in Plaintiff's Small Claims Action that mail was *intentionally* not delivered. The United States argues that the FTCA also contains an express exception for any claims arising out of such conduct, citing 28 U.S.C. § 2680(h); *Kim v. United States*, 2009 U.S. Dist. LEXIS 118960, at *3 (Dec. 21, 2009) (dismissing claim based on allegations that postal workers shut the window or door through which plaintiff was trying to communicate and provided him with a false answer concerning undelivered mail); and *United States v. Neustadt*, 366 U.S. 696, 702 (1961) (holding that "§2680(h) comprehends claims arising out of negligent, as well as willful, misrepresentation.").

ORDER GRANTING UNITED STATES' MOTION TO DISMISS - 4

The United States further argues that, even if Plaintiff had a valid claim under the FTCA, he has failed to exhaust administrative remedies as required under the FTCA, citing 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency…"). Exhaustion of the administrative remedy constitutes a prerequisite to filing an action under the FTCA. *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional."). The United States attempts to present evidence that Plaintiff has not filed this required administrative claim. *See* Dkt. #8.

The Court finds that, even taking all facts in the underlying Complaint as true, relief cannot be granted under the applicable law cited by Defendant. First, any allegation that Plaintiff's mail was negligently delivered is barred by sovereign immunity and the FTCA. *See* 28 U.S.C. § 2680(b); *Anderson*, *supra*. Second, any allegation that Plaintiff's mail was intentionally not delivered is also barred. 28 U.S.C. § 2680(h); *see also Kim, supra*; *Neustadt, supra*. Because Plaintiff has not responded to Defendant's Motion, the Court considers this an admission that these arguments have merit. LCR 7(b)(2). Dismissal is warranted under Rule 12(b)(6). Accordingly, the Court does not address Plaintiff's alternate exhaustion argument.

///

///

ORDER GRANTING UNITED STATES' MOTION TO DISMISS - 5

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant's Motion to Dismiss (Dkt. #7) is GRANTED.

2) Plaintiff's claims are DISMISSED.

3) Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. #13) is DENIED as MOOT.

4) This case is CLOSED.

DATED this 1 day of February 2016.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE